IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNIVERSITY OF WISCONSIN HOSPITAL AND CLINICS AUTHORITY, and UNIVERSITY OF WISCONSIN MEDICAL FOUNDATION, INC., | OPINION AND ORDER<br><br>13-cv-610-slc |
| Plaintiffs, | |
| v. | |
| RFMS, INC., MUTUAL MEDICAL PLANS, INC. and DOES 1-4, | |
| Defendants. | |

---

In this civil action brought pursuant to the Employee Retirement Income Security Act (ERISA), plaintiffs University of Wisconsin Hospital and Clinics Authority (UWHC) and University of Wisconsin Medical Foundation, Inc. are suing defendant RFMS, Inc. Medical Benefit Plans, Inc. for refusing to pay the medical bills of a patient.  Before the court is the defendant's motion to dismiss plaintiffs' amended complaint for lack of venue and failure to state a claim.  Dkt. 24.  Because I find that venue is improper in this court, I am granting defendant's motion to dismiss for lack of venue and will not address its arguments related to failure to state a claim.

ALLEGED FACTS

Plaintiff University of Wisconsin Hospital and Clinics Authority is a Wisconsin non-profit corporation that operates a hospital located in Madison, Wisconsin.  Plaintiff University of Wisconsin Medical Foundation, Inc. is a Wisconsin non-profit corporation that

serves as the clinical practice organization for physicians at the UWHC. It has offices located in Middleton, Wisconsin.

Defendant RFMS, Inc. Medical Benefit Plan is a health insurance plan provided to employees of RFMS, Inc.

Janice Kellerman, an adult resident of Illinois, was an insured plan member of the plan. On or about February 9, 2012, Kellerman was admitted to UWHC as an urgent transfer from Freeport Memorial Hospital in Illinois, because she was suffering from septic shock, acute respiratory distress syndrome and deteriorating renal function with metabolic acidemia. She remained an inpatient at plaintiffs' hospital until her death on March 8, 2012.

After Kellerman's death, plaintiffs submitted timely claims for Kellerman's medical expenses to defendant. On or about June 6, 2012, defendant denied the claim on the ground that Kellerman had a pre-existing condition. Defendant later informed plaintiffs that Kellerman's policy stated that benefits were not assignable and argued that plaintiffs had no legal standing to file an appeal. On December 26, 2012, the administrator for Kellerman's estate executed an assignment transferring to plaintiffs all state and federal common law and statutory rights and/or standing of the estate in relation to any claims or lawsuits for the purpose of collection against defendants.

OPINION

Venue for a civil enforcement action under ERISA lies "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The parties agree that the plan is administered in Illinois and defendant

resides in Illinois; they dispute where the alleged breach took place. Plaintiffs argue that it occurred in Wisconsin where the medical services were provided and the benefits would be paid out, while defendant contends that it occurred in Illinois where it refused payment and where Kellerman (the plan participant) and her estate reside. Neither party supports its argument with legal authority.

The federal district court in the Eastern District of Wisconsin notes that district courts are divided on the question of where a breach of the obligation to pay benefits occurs. *Stickland v. Trion Group, Inc.*, 463 F. Supp. 2d 921, 925 (E.D. Wis. 2006). "Some courts have found that such breaches take place where the participant or beneficiary is to receive the benefits, while others have concluded they occur only where the defendant decides to deny coverage or fails to provide notice." *Id.* (citing *Schoemann v. Excellus Health Plan*, 447 F. Supp. 2d 1000, 1002 (D. Minn. 2006)). *Cf. Cole v. Central States, S.E. & S.W. Areas Health & Welfare Fund*, 225 F. Supp. 2d 96, 98 (D. Mass. 2002) (breach took place where payment was to be received), *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F. Supp. 627, 636-37 (S.D.W.Va. 1981) (same), and *Stumpf v. Medical Benefits Administrators*, 2001 WL 1397326, at *2 (D. Neb. March 14, 2001) (breach of fiduciary duty took place where beneficiary claimed she was denied benefits), with *Seitz v. Bd. of Trs. of the Pension Plan of the N.Y. State Teamsters Conference Pension and Ret. Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) (breach took place where pension benefit claims are processed), *Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981) (breach took place either where decisions regarding payment amounts were made or where checks originated), and *Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*, 481 F. Supp. 454, 459 (N.D. Ga. 1979) (breach took place where trustee bank issued stop payment order on check).

The court in *Strickland* concluded that breaches of the duty to pay benefits take place "where the benefits . . . are to be received, which will generally be where the participant or beneficiary resides," explaining that

> This conclusion is consistent with Congress's intent that provisions relating to venue in ERISA cases be construed in favor of plan participants and beneficiaries. *See Varsic v. U.S. Distr. Court for the C.D. of Cal.*, 607 F.2d 245, 247–48 (9th Cir. 1979). Further, to interpret "where the breach took place" as synonymous with the place that a defendant decided to deny benefits would arguably render it superfluous, as another clause in § 1132(e)(2) authorizes venue "where the plan is administered." *Cole*, 225 F. Supp. 2d at 98; *see also TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (stating that, if possible, courts should construe statutes to avoid rendering words, clauses or sentences superfluous). Finally, a claim that a defendant breached the terms of a plan is essentially a breach of contract claim, and a breach of contract occurs where the contract is to be performed. *Bostic*, 517 F. Supp. at 634–37.

> *Id.*

Even if I were to adopt the reasoning in *Strickland*, plaintiff would not succeed. The benefits at issue in this case would not be paid out in Wisconsin. Plaintiffs contend in their brief that they are suing on an "assignment of claim" and not an "assignment of benefits" and that if they were to prevail, "the payment of benefits would still return to the Estate of Janice Kellerman" in Illinois. Dkt. 27 at 2. According to plaintiffs, it "would then be up to the Estate to pay the Plaintiffs from the benefits." *Id.* Because plaintiffs admit that any benefits awarded in this case would be received in Illinois, their only choice under 29 U.S.C. § 1132(e)(2) is to bring suit in Illinois. As a result, defendant's motion to dismiss for lack of venue will be granted and plaintiff's claim will be dismissed. (Neither party requested or argued that this case should be transferred to Illinois rather than dismissed). It is therefore unnecessary to address the parties' arguments regarding plaintiffs' ability to sue for unpaid benefits under the plan.

ORDER

IT IS ORDERED that defendant RFMS, Inc. Medical Benefit Plans, Inc.'s motion to dismiss for lack of venue, dkt. 24, is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

Entered this 19th day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge